# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ANTONIO MOORE, : | |
| Petitioner : | |
| VS. : | |
| DAVID FRAZIER, : | NO. 5:09-cv-394 (HL) |
| Respondent : | **O R D E R** |

*Pro se* petitioner **ANTONIO MOORE**, an inmate at Wilcox State Prison in Abbeville, Georgia, has filed a handwritten habeas petition entitled "Petition for Judicial Review," challenging his state conviction for murder. According to petitioner, he has a state habeas corpus petition pending in the Superior Court of Hancock County (CV08-HC-004). Additionally, petitioner states that the Superior Court held an evidentiary hearing on April 29, 2009.

Under 28 U.S.C. § 2254(b)(1)(A), an application for habeas corpus cannot be granted unless "the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement reflects a policy of comity between state and federal courts and is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." ***Wilwording v. Swenson***, 404 U.S. 249, 250 (1971) (quoting ***Fay v. Noia***, 372 U.S. 391, 438 (1963)). "If a petitioner fails to exhaust state remedies, the district court should dismiss the petition without prejudice." ***Rose v. Lundy***, 455 U.S. 509, 519-20 (1982).

Petitioner complains that his state habeas corpus petition has been pending since April 29, 2009 and that the court has not issued a ruling. He appears to seek an order from this Court requiring the Superior Court to expedite review of petitioner's habeas petition. However, petitioner's remedy lies in the filing of a mandamus in the superior court, not the filing of a federal habeas petition. *Jackson v. Walker*, 206 Fed. Appx. 967, 968-69 (11th Cir. 2006)(explaining that when a federal habeas petitioner maintains that his state habeas action has been pending for longer than is allowed under O.C.G.A. § 15-6-21, the Georgia Supreme Court considers "mandamus proper to compel a superior court judge to schedule a hearing to consider a prisoner's state habeas motion."). Petitioner "has not exhausted all state remedies because Georgia law allows him to seek a writ of mandamus, compelling the superior court to rule on his state habeas petition." *Id.* at 969. When a petitioner has not exhausted his state remedies, "the district court should dismiss the petition without prejudice." *Rose v. Lundy*, 455 U.S. § 509, 519-20 (1982).

Accordingly, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE** to the right of the petitioner to refile once he has exhausted all available state remedies.

**SO ORDERED**, this 30th day of November, 2009.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr